**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RANDAL N. WIIDEMAN,　　　　　　　　　)
　　　#22306　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　　　) 　Case No. 3:10-cv-0329-LRH-RAM
　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　) 　**ORDER**
KAREN SMITH, *et al.*,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　　 )

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I.  Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section

1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g*. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g*. fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

///

2

**II. Instant Complaint**

Plaintiff, who is incarcerated at Ely State Prison ("ESP"), has sued Southern Desert Correctional Center ("SDCC") law library officer Karen Smith and SDCC Sergeant Daniel Angus. Plaintiff alleges that in July 2009, while he was incarcerated at SDCC, Smith issued a notice of rule charges against plaintiff, alleging that he had charged legal fees to six other inmates. Plaintiff claims no evidence supported the charges and that they were brought in retaliation "for the exercise of first amendment protected rights." He asserts that Sergeant Angus conducted a hearing on the charges and "admitted" that there was no evidence that plaintiff had ever charged inmates for assisting them with court matters. However, plaintiff alleges that Angus informed plaintiff he could no longer assist anyone in the segregation unit and sanctioned plaintiff to sixty days disciplinary segregation. Plaintiff claims this sanction was issued in retaliation for his "first amendment protected activities."[1]

It is well-settled that "[a] prison inmate retains those first amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Further, both assisting other inmates with their legal matters and pursuing legal matters of the inmate's own are protected by the First Amendment. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). However, an inmate's First Amendment rights are not absolute; prison officials may infringe upon them as long as the infringement is "reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989), relying on *Turner v. Safley*, 482 U.S. 78, 89 (1987).

In a previous decision, this court discussed plaintiff's history of inundating this District with civil rights law suits, on behalf of himself as well as others, most of which have been either patently frivolous or insufficient to withstand a motion for summary judgment. *Wiideman v. Angelone*, 848 F.Supp. 136, 138 (D. Nev. 1994). In that case, plaintiff was granted a transfer to a preferred, lower-custody

---

[1] The court notes that plaintiff has "struck out" pursuant to 28 U.S.C. §1915(g) and has been declared a vexatious litigant by this court. Thus, while not applicable here, he is not permitted to proceed *in forma pauperis* unless he submits the case for pre-filing screening, and presents facts sufficient to show that he is in imminent danger of severe bodily injury or death. *See Wiideman v. Parks*, 3:01-cv-00167-ECR-RAM (docket #15).

3

institution, in exchange for halting his onslaught of lawsuits. Plaintiff instead continued to assist any and all inmates he possibly could to commence actions against the Nevada Department of Corrections ("NDOC"). Plaintiff was ultimately transferred back and he then sued for retaliatory transfer.

This court found in *Wiideman v. Angelone* that

> [t]here can be no doubt about whether plaintiff has abused his right to assist other inmates, and his abuse of the judicial process itself. Since becoming incarcerated, he has been convicted of five counts of perjury, forgery and offering false evidence, not only for himself but having also involved other inmates as part of his "assisting" them with litigation. He has been sanctioned by the prison system a multitude of times for violations of the Code of Penal Discipline relating to his own litigation and his assisting other inmates (*e.g.*, fraud, charging inmates for legal assistance, misuse of the mails, tampering with evidence, extortion, etc.). Further, plaintiff has been sanctioned by the members of this Court in the past . . . [including] an order finding that plaintiff "Wiideman forged the court order and unlawfully caused prison officials to act upon same."

*Id.* at 139-140 (quoting *Wiideman v. Foster*, 154 F.R.D. 259 (1994).

This court held that plaintiff's repetitive violations of the Code of Penal Conduct related to his "assisting" other inmates with litigation, additional criminal convictions while incarcerated related to his own litigation and his "assisting" other inmates, provided sufficient bases for prison officials to have imposed a restriction upon him forbidding him from assisting any other inmate with litigation. This court further determined that suppressing criminal activity and conduct contrary to the Code of Penal Conduct are clearly "legitimate penological interests." Accordingly, this court held that barring plaintiff from serving as a "jailhouse lawyer" was a permissible infringement on plaintiff's first amendment right to assist other inmates with litigation.[2]

Here, plaintiff complains that SDCC officials retaliated against plaintiff for serving as a jailhouse lawyer by restricting his legal assistance of other inmates. However, it has already been established by this court that prison officials may restrict plaintiff's assistance of other inmates with their litigation. Accordingly, plaintiff's complaint is dismissed for failure to state a claim for which relief may be

---

[2]The court in *Wiideman v. Angelone* noted that precluding plaintiff from helping other inmates with their lawsuits does not infringe on the other inmates' access to the courts; the prison system provides inmates with adequate access to the courts as required by *Bounds v. Smith*, 430 U.S. 817 (1977). *Id.* at 140.

4

granted. Because amendment would be futile, the complaint is dismissed with prejudice and without leave to amend.

### III. Conclusion

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint. (Docket #1-2).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED this 26th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5