# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RANDAL N. WIIDEMAN,  
    #22306  )  
                         Plaintiff,  )    Case No. 3:10-cv-0329-LRH-RAM  
                         )  
vs.                            )  
                         )    **ORDER**  
KAREN SMITH, *et al.*,  )  
                         )  
                Defendants.  )

On August 27, 2010, the court dismissed with prejudice this *pro se* civil rights complaint (docket #8). Judgment was entered on August 30, 2010 (docket #10). Before the court is plaintiff's "motion to vacate order dismissing case" (docket #11).

Where a ruling has resulted in final judgment or order, a motion "to vacate order" or for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed

> or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of August 27, 2010, the court dismissed the complaint, which alleged that a corrections officer, after "admitting" at a disciplinary hearing that no evidence supported the charges that plaintiff had ever charged inmates a fee for assisting them with court matters, nevertheless informed plaintiff he could no longer assist anyone in the segregation unit and sanctioned plaintiff to sixty days disciplinary segregation. Because this court had previously concluded that prison officials may restrict this particular plaintiff's assistance of other inmates with their litigation, plaintiff's complaint was dismissed failure to state a claim for which relief may be granted.

In the instant motion, plaintiff claims the court overlooked the "nature" of his complaint, that the officer found plaintiff "guilty" of an offense other than the one for which he was charged. First, plaintiff's complaint stated only that both the officer that charged him and the officer that imposed the disciplinary sanction retaliated against plaintiff for assisting other inmates with court matters. Second, as stated above, it has already been established by this court that prison officials may restrict this particular plaintiff's assistance of any other inmates with their litigation activities. Accordingly,

1 plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order
2 dismissing the action should be reversed.

3 **IT IS THEREFORE ORDERED** that plaintiff's motion to vacate order dismissing case (docket
4 #11) is **DENIED.**

6 Dated this 17th day of September, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3